21 cr 1510 KWR

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 24 2022

MITCHELL R. ELFERS
CLERK

Christopher Marquez
Federal detainee, No. 74723509
Cibola County Correctional Center
P.O. Box 3540
Milan, New Mexico 87021

Dear Honorable Judge Riggs:                                    9/9/2022

     I hope you and your family are well in this age of COVID. I am writing this letter because my attorneys Mr. Fooks and Mr. Loonam are discriminating against me because I am native. I have asserted my native status in full detail throughout nine months of correspondence. My attorneys unconstitutionally disregarded my tribal status. This is a violation of my due process rights. Mr Fooks and Mr. Loonam conduct is beyond ineffective assistance of counsel it is the heart of discrimination. They are providing me with false information regarding my Indian status. My attorneys blindsided me with some very concerning news. I am with a sound body and mind, what my attorneys are doing is a violation of my 6th Amendment due process rights. After disagreements with my attorneys concerning my native status, they slipped a motion behind my back for a competency evaluation, although I Did Not Consent. I am requesting a hearing so you can better understand my situation. I am asking you to remove my attorneys Mr. Fooks and Mr. Loonam from my case. The two grounds for a competency exam is 1) That I do not understand the charges against me and; 2) I am not able to assist my attorneys with my case. I have attended all attorney and zoom meetings. I have nine months of correspondence with my attorneys since the January 2022. On July 12, 2022 I have submitted a Habeas Corpus 2241 case #1:22-CV-00513.

     They arranged for me to be evaluated by two Clinical Physiologists on different days here is a recap of those evaluations: On August 24, 2022, 9AM at CCCC I met with Dr. Christine Johnson Clinical Physiologist after our introductions she stated her background. She has been a Clinical Physiologist since 1992 in NM for 25-32 years. She specializes with people in trouble with the law. She previously worked at University of NM forensic Evaluation, Bernalillo HS, Rio Rancho HS, and did some private work. She went on to say that it is not a competency exam – forensic evaluation it has nothing to do with competency. Her objectives were to get a full grasp of the story about my life, so she can inform Judge Riggs. She wanted to talk to my family members with my permission, it has not hurt any evaluations in the pass, and it is not court ordered.

     I was amazed by that statement because according to the rules competency evaluations has to be approved / ordered by the court. I was wondering if there was no

1

motion how are they getting paid. She went on to say that anything we discuss stays between me, her and defense team only. I fall under the protection of the attorney client privilege. She stated nobody would ask her anything without my permission, although anything we talk about can be brought up in court. She stated I do not have to talk to her about anything I am not conformable with, she is not recommending prison and if it is possible to recommend prison programs to help me.

If there is a big picture it would be good to tell the judge, however she can not promise that she will not tell the government anything we talk about. She stated she thought I would be more standoffish. I thought to myself Mr. Fooks and Mr. Loonam must have provided her with misinformation. She stated she does not think the evaluation would hinder the case, Devon asked it to be speedy. She kept asking me questions but seemed like she knew more or less the answers. She also stated based on the conversation we had that I am clearly competent. She asked me if I had any questions, also if I was going to reschedule her. That concluded that visit.

On August 29, 2022 at CCCC I met with Dr. Simone Viljoen the second evaluator she stated she has been a Clinical Physiologist for 8 years specializing in competency evaluation to stand trial, which is a different way to say it. She stated that it was court ordered – approved by the court. Her previous Jobs were in Washington, New Mexico, private practice and other states as well. Her license number is NM 1362. I was amazed because my attorneys gave me no notice. She stated my attorneys filed a motion. I did not consent to the evaluation nor the motion. She stated they said they would send someone to visit me in person. The case is on hold-Stay in place until the evaluation is complete. She informed me that there are consequences for refusing to consent to the evaluation. If I refuse the evaluation the court will order me to the custody of BOP for further evaluation. So basically being competent gets me sent to the BOP to have a competency evaluation. What a terrible waste of resources. She stated for me to talk to my attorneys about this they can pull the motion and they are not forcing me, it just just gives me more options. Only questions she asked me if I am sure I would not consent or I want time to think about it. I stated I did not consent several times.
She again asked to clarify so she can report to the court that I do not consent. She stated based on our short conversation she can say I am or I am not competent. She stated if I do not want to participate I interjected and stated it is not that I do not want to participate, I just do not consent. She asked if I would be willing to reschedule. As if asking me I would consent. I did not answer her and I kept on writing notes. That concluded that visit. What stood out to me with both of my evaluators is that they needed my consent to proceed, which I clearly and concisely did not give them.
Upon reflection I was wondering why Mr. Fooks and Mr. Loonam was rushing to file a competency motion. Then it occurred to me that my attorneys must have found out that I filed a habeas, which was filed on July 12, 2022. In their attempt to skew the results, it created a sense of urgency now my case is on hold indefinitely causing me

irreparable harm. I could have understood it if it was the government asking for a competency evaluation, but for it to be coming from my own attorneys highlights the betrayal.

I am asking the court for a hearing to address these constitutional issues of ineffective assistance of counsel. It is because of the actions of Mr. Fooks and Mr. Loonam that I lost all trust in them. They are in direct violation of the Rules of Professional Conduct. I have asked my counsel numerous times to file a Habeas Corpus petition and other relevant motions on my behalf. They have denied my valid requests even though I have given them case law to support my reasoning. Just to recap some of those conversation I had with my attorneys:  On July 20, 2022 letter sent to me by Mr. Fooks and Mr. Loonam on page 2 paragraph 3 they stated, " We do appreciate that you are highly invested in your case that you are attempting to do your own research. While we understand you are earnestly trying to get the law correct, you are incorrect in that there is cause for a habeas petition. As stated above, the law suggest, 18 USC 1303, only applies to persons serving a sentence imposed by Tribal authorities."

Also on paragraph 4 they stated, "While we feel we did and you articulated understanding it, here is that information again." They furthermore continued, " You have cited the New Mexico Rules of Professional Conduct ("NMRPC") in your letter when you quoted the rule which states that " In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify." The rule also states, a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 16-104 NMRA of Rules of Professional shall consult with the client as to the means by which they are to be pursed." This does not translate to the attorney having to do anything and everything the client wants." Ironically my attorneys did not consult with me on filing a competency motion nor did they inform me that they would file one. They can not cherry pick which part of the NMRPC they want to adhere to. They attempted to trick me into giving them consent for a competency evaluation, which I did not give. On page 3 paragraph 3 they stated, "You have shown great interest in wanting to understand all aspects of your situation, that is excellent, but can give rise to disagreements."

I sent a letter to Mr. Fooks and Mr. Loonam recapping the meeting I had with them on Wednesday July, 20 2022 at CCCC. On page 1 paragraph 3  Mr. Fooks stated, " out of 20 years of being an attorney you are one of the handful of clients that have done your legal analyst on your case, I commemorate you and you're a very smart person."

Furthermore on Attachment E of my habeas petition that I filed on July 12, 2022, Mr. Fooks sent me a letter dated February 1, 2022 on page 2 paragraph 4 he stated, " I appreciate that you are conducting your own research. If I may, I'd like to provide a bit of guidance going forward. When you cite a case it is important that you make sure it is still good law, particularly if you find a case that supports your position. In this instance, you cited to Wheeler but Wheeler was overturned by statue and is no longer good law. Duro v. Reina was also overturned." On the  March 9, 2022 letter from Mr. Fooks on page 2 paragraph 5 he stated, "I enjoy the fact you are conducting your own research in this case. It tells me that you are serious about your case and that you are heavily invested in its outcome. This would seem to go without saying but some people in your situation don't seem to care about what happens to themselves. I'm glad that you are motivated."

On April 21, 2022 Mr. Fooks letter to me on page 1 the first paragraph he stated, " It was nice talking to you yesterday as always. I wanted to follow up on our meeting and make sure you get everything you need." On June 14, 2022 Mr. Loonam's letter to me on page 1 paragraph 2 he stated, " You have clearly spent a good amount of time becoming educated in certain aspects of the procedure by which the court operates. That was evident in the conversation about depositions. As I said to you yesterday, it is good that you do this- but- it cannot be all you do to prepare for your case to be resolved." On page 2 paragraph 2 he also stated, " You appear to have educated yourself on some aspects of the legal system, jurisdiction, the taking of deposition etc. You now need to educate yourself on the evidence that has been offered against you to try to convict you of the charges contained in the indictment in your case. I was impressed with your research regarding aspects of how courts operate. You seem to have spent time learning about the criminal justice system and had some very thoughtful questions. You need to now turn these efforts toward the evidence the government has provided in your case. This is the only way you can be prepared to address the criminal case you are facing." ( For a total picture see all correspondence in Attachment E in my habeas petition between Mr. Fooks, Mr. Loonam and myself. #1:22-CV-00513) I outlined one of my grounds for ineffective assistance of counsel in ground 3 in my habeas petition.

My investigator met with me on September 7, 2022, 10 AM at CCCC. I asked Mr. Morales about providing me a copy of the competency motion my attorney's filed. He informed me that Mr. Loonam told him he could not give it to me, although the exparte motion was mailed to me on September 1, 2022. Mr. Morales went on to say the only reason I knew that it went out on the 1st is because I saw the date on it and it usually goes out on the same day. I asked him about reviewing the doctors notes, his response was Devon and Jim said we are not privy to the notes. We went over my discovery for

an hour and a half and we discussed when he would be back for our next meeting. He stated it would be in the next two weeks. He then let the DO know that our meeting was finished. We shook hands he wished me well I did the same that concluded out meeting.

On Thursday September 8, 2022 I received the exparte motions that my attorneys filed and the judge's orders granting it. ( See Doc. 45, 46) There are a lot of takeaways from this exparte motion that needs to be unpacked. First of all I was amazed of how short it was. The motion lack examples of a mental disease, circular logic, no claims of delusional behavior nothing of the sort. Interestingly enough counsel's choice of words, "circular logic" was intriguing. It did not state what subjects were discussed and how those conversations were circular logic. For nine months Mr. Fooks and I had in- depth conversations about my tribal status. During those conversations which became very contentious at times. I stated with proof that according to congress I had to exhaust my tribal remedies and Habeas Corpus was my only remedy. Mr. Fooks was very adamant that I did not have a cause of action, I of course disagreed. It was very important that I asserted my rights, which I clearly and concisely did. He tried very hard to persuade me in changing my position. He even added another attorney to gang up on me. I held my ground and continued to assert my constitutional rights. This circular logic that Mr. Fooks refers to is their going around in circles trying to get me to concede my position, which has legal merits. Counsel states " specifically, counsel for Mr. Marquez has met with Mr. Marquez on multiple occasions and has found Mr. Marquez' logic to be circular regarding subjects discussed. Counsel is aware that Mr. Marquez has suffered what could be considered a traumatic brain injury which resulted in Mr. Marquez suffering from short – term memory loss. ( See Doc. 45 page 1 paragraph 2) Counsel's whole argument is in one paragraph. Out of 9 months of fully engaging through in person and correspondence you would think they would have way more ammunition to support their legal position. This court should be appalled by this frivolous motion. It is a disrespect to the judge's intelligence and a waste of precious resources. Just to focus on a brain injury which affected my short term memory is not by itself legal grounds for a competency evaluation.

My attorneys are trying paint a picture of misunderstanding and disagreements, that is further from the truth. My attempt quite frankly, is to properly preserve the record of the constitutional violation that must be asserted. My attorneys on numerous occasions use words like "I'm highly invested in the outcome of this case, spent time learning about the criminal justice system and had some very thoughtful questions, You have clearly spent a good amount of time becoming educated in certain aspects of the procedure by which the court operates, I enjoy the fact you are conducting your own research in this case,While we feel we did and you articulated understanding it, here is that information again. I'm glad that you are motivated." How does that translate for

them to have legal grounds in filing a competency motion without my knowledge nor my consent.

Both of my attorneys themselves states multiple times throughout our client lawyer relationship that I am correct on many jurisdictional tribal matters interpretation and incorrect on others. They are witnesses against themselves. They do not have any legal grounds to file a competency motion without my consent nor knowledge. This wastes the court resources, causes me unjustifiable delay, and irreparable harm. That is why that motion was filed with out my knowledge nor consent. It is my hope to remove the veil from the court's vision, so that my attorneys true intentions are revealed.

I am being threaten that if I do not consent to the competency evaluation that I will be committed to the BOP for further evaluation. I am of sound mind, I understand the nature and charges against me, I always attended attorney visits, I ask intelligent questions and Mr. Fooks provided me with legal material that greatly improved my understanding and that I benefited from it tremendously. I have been assisting, engaging my lawyers from the inception of this case, and finally I am highly invested in the outcome of this case. What legal grounds do they have for filing a competency motion wasting the court's valuable time and resources. Fortunate for me that I was prudent enough to preserve the conversations between my attorneys and myself with certified sworn affidavits which are legal documents. They can not refute that these conversations did not happen. My attorneys confirmed that much of my recaps are accurate. This does not fit the criteria of someone who does not understand the nature of charges against him nor assisting his attorneys in his case.

The anxiety that Mr. Fooks outlined in the letter on July 20, 2022 page 4 paragraph 5 can not be misconstrued. Mr Fooks and Mr. Loonam caused most of my anxieties by their ineffective assistance of counsel, by sitting here in pretrial detention, my case is delayed because of a frivolous competency motion filed by them. There is no conclusion to my case because my attorneys refuses to launch a collateral attacking the validity of this case. They have no legal grounds for a competency evaluation and by forcing this upon me they are holding me under duress. They are hindering my rights to a speedy trial, which causes me irreparable harm. The public defenders assigned to my case does not have my best interests in mind. Mr. Fooks has told me a win to him is a plea deal. I am informing you what has been taken place since the inception of this case. I am requesting for a copy of the two reports that Clinical Physiologists Dr. Christine

Johnson and Dr. Simone Vijoen filed. I am asking the court for a hearing to address the validity of this competency evaluation and for an appointment of new counsel with the understanding of native laws/ procedures. As it stands my issues are not being resolved and is causing me irreparable harm. Thank you for your time and consideration.
Attached is my last letter to my lawyers and I have not received a response to this letter.

Respectfully,

Attachment 1: Letter to Mr. Fooks and Mr. Loonam dated July 20th notarized and sent out on the 27th of the same month, also their response to my letter sent on June 13, 2022 I revied it on July 20, 2022.

Christopher J. Marquez
#74723509

I swear under penalty of perjury that these statements are true and correct.

Dated: 10/20/22

SIGNED AND SWORN TO before me this _____ day of October _____ 20 22, by _____.

My commission expires; May 9, 2026    Notary public
(SEAL)

STATE OF NEW MEXICO
NOTARY PUBLIC
PATRICIA LOPEZ
Commission # 1137934
My Comm. Exp. May 9, 2026

7

# ATTACHMENT 1

**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF NEW MEXICO**

Alejandro B. Fernandez
Supervisory Assistant

**Albuquerque Office**
111 Lomas Blvd NW, Suite 501
Albuquerque, NM 87102
Tel: (505) 346-2489
Toll Free: (877) 511-4686
Fax: (505) 346-2494

Margaret A. Katze
Federal Public Defender
Albuquerque

Barbara A. Mandel
Supervisory Assistant

**Las Cruces Office**
506 S. Main, Suite 400
Las Cruces, NM 88001
Tel: (575) 527-6930
Toll Free: (855) 527-6930
Fax: (575) 527-6933

July 20, 2022~~July 14, 2022~~

Mr. Christopher Marquez
Federal Detainee, No. 74723-509
Cibola County Correctional Center
P.O. Box 3540
Milan, New Mexico  87021

     **Re:**    *United States v. Christopher Marquez*
            **USDC NM No. 21-CR-1510 KWR**

Dear Mr. Marquez:

We are writing to respond to some points you have raised in your letter to us of June 13, 2022.

In the case we are representing you on you are being prosecuted by the United States Federal Government.  This prosecution is pursuant to federal law, including the laws of federal criminal procedure.  The laws and order codes of the Ohkay Owingeh Tribe have no bearing what so ever in the case we represent you on.

As far as we are aware you are not serving a sentence imposed by the Okay Owingeh tribal authorities(or any other Tribal government) so 25 U.S.C.§1303 does not apply to your circumstances at all.  If this is incorrect please let us know.

For the past two decades, we have asked almost every client we have represented at one time or another if they can read the English language.  You may recall that Mr. Loonam prefaced his question with just that comment, that he always asks.   He asked you that for the same reason we always ask our clients, we need to know if they can consume the information they are receiving about their case.  It is not meant to be disrespectful, giving someone who is facing the type of serious consequences you are written information they need to understand but not asking if they can understand it, would be disrespectful in our view.

The dates of the offenses alleged against you are May 20, 2021-July 10, 2021.  You were indicted by the federal government on October 14, 2021.  You were arrested on the federal indictment on November 2, 2021.  Your letter has not articulated what the basis of

Page 2
Mr. Christopher Marquez
July 20, 2022~~July 14, 2022~~

a due process violation coming from these events would be, and we do not see one in these facts.

We will be meeting with you in the coming weeks to work on defending you against the allegations in the indictment in your case. For you to best assist in that matter we recommend you spend your time reviewing the discovery you have been provided.

We do appreciate that you are highly invested in your case and that you are attempting to do your own research. While we understand you are earnestly trying to get the law correct, you are incorrect in that there is cause for a habeas petition. As stated above, the law you suggest, 18 USC 1303, only applies to persons serving a sentence imposed by Tribal authorities.

You appear to be stating that we did not fully explain the confidentiality agreement to you. While we feel we did and you articulated understanding it, here is that information again. The confidentiality agreement simply states that we will not share the specific discovery material with anyone outside of the defense team. That is all it limits. It does not mean that we cannot use the information to defend you.

You have cited the New Mexico Rules of Professional Conduct in your letter when you quoted the rule which states that "In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify." The rule also states that, "a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 16-104 NMRA of the Rules of Professional shall consult with the client as to the means by which they are to be pursued." This does not translate to the attorney having to do anything and everything the client wants done.

Perhaps more importantly you should be aware of Rule 16-201 NMRA of the Rules of Professional Conduct that reads: "*In representing a client, a lawyer shall exercise independent professional judgment and render candid advice.*" This rule requires us to present you with the facts supporting the allegations against you and how the law applies to the facts of your case. We are also required to provide you with our understanding of the law based upon our expertise and legal training. What we inform you of may be different from what you believe, or want to believe, or you wish to hear for your attorney. You may not agree with, or want to even consider, what we conclude to be true on specific points, but we are bound to tell you what we know to be accurate, not what you wish were true or want to hear.

So, understand that we are not disagreeing with you, but rather we are informing you what our legal training has informed us to be true. One instance of this is your request for depositions. Your desire to conduct these is valid, but your 6th Amendment right to confront the witnesses against you does not encompass a right to a deposition. In fact, in

Page 3
Mr. Christopher Marquez
July 20, 2022~~July 14, 2022~~

federal court, the witnesses do not have to speak with you at all prior to their taking the stand. This is not deemed to be a 6th Amendment violation. While you correctly cited to the part of the Rule which states that depositions in criminal cases are only contemplated in exceptional situations, you wrongly consider your desire to conduct a deposition as an exceptional circumstance. Our job requires us to inform you that the law will not agree and under the facts of your case, we do not have any chance of having the witnesses deposed.

Another example of this is your concerns about the charging documents. You indicated that you believe the federal indictment should contain the type of detail that the Tribal charging document contains. Our job requires us to inform you that while that would be helpful, the law does not require such information be contained in a federal indictment. We have been provided with a great deal of discovery material. A careful review of the material allows one to understand why the government has charged you with the crimes in the federal indictment. That is what the court will require. That you as a criminal defendant has been provided with sufficient information to present a defense of the allegations. The purpose of the indictment is to inform you of what the charges alleged against you are, that is all. Because the Court has ordered the government to provide us discovery, and the indictment provides you with the charges and the laws pursuant to which the charges were brought, we do not have the legal ability to argue you have not been provided sufficient information to mount a defense to the charges based upon the indictment alone.

You used the word 'contentious' to describe the Zoom meeting. During the course of our representation of you, as mentioned above, there will be times that we disagree on specific points. As stated above, we would be ignoring our legal requirement to provide candid advice if we only told you what you want to hear. It is important to remember that certain aspects of representation of you, or any defendant, such as legal strategy and trial strategy are decisions to be made by your attorneys. We consult with you but the final decision on *these points* is to be made by legal counsel. This, of course, can be frustrating at times. The allegations against you are very serious. The consequences you face are very serious. So, it is normal and natural for discussions to bring about emotions of some sort. You have shown great interest in wanting to understand all aspects of your situation, that is excellent, but can give rise to disagreements. Meaning you may research some point and come to a conclusion based upon inaccurate or incomplete understanding of the legal realities about that point. The examples above are exactly that. You believe you should be able to depose the witnesses. The law does not provide you with that ability. When we inform you of that, we do not consider such conversations contentious simply because we don't see eye to eye. You would not want your counsel to hesitate from giving you their expert insight and advice because they knew it disagreed with your view on a subject. We would be in violation of our ethical requirements if we did that. We are not fighting against you when this occurs. We are providing legal counsel. Under the circumstances of your case, we need to be aware that emotions will be high

Page 4
Mr. Christopher Marquez
July 20, 2022~~July 14, 2022~~

and we need to be able to provide our views to you, even if they differ from what you want to hear.

So, it is our legal opinion that there is no merit to a habeas petition at this point so we will not be filing one. We will not be discussing this issue any further as well. Use of time to prepare a defense is a strategic decision, we need to work on the factual allegations to prepare your defense, not re-hash issues already decided.

It is our legal opinion that there is no merit to any allegation of a due process violation based upon the timing of the charges being brought against you and your arrests ,both federal and Tribal. So we will not be filing any motion alleging frivolous arguments regarding your due process rights. We will also not be discussing this issue any further as well.

It is our job to give you all of the information to make the decision that you believe is best for you in resolving this case. To get to the point where you can make an informed decision is our goal currently as your attorneys. Once you are sufficiently informed to make such decisions, whatever you decide, in this regard, we will abide by. Our biggest concern is that you have the all of the information you need to make the decision that you believe is in your own best interest. The decision you make is yours alone and we will abide by it.

We understand that the case is causing you a tremendous amount of anxiety. We have found that discussing the facts of the case and coming up with a plan of attack can go a long way in alleviating that anxiety.

As always, we hope this letter finds you well. we look forward to meeting with you in the near future.

Christopher Marquez
#74723509
Cibola County Correctional Center
P.O. Box 3540
Milan, New Mexico 87021


Dear Mr. Fooks and Mr. Loonam,                                July 20th, 2022


    Just to recap of what was talked about in the meeting with the three of us on Wednesday the 20th of July 2022. I started out with greeting Mr. Loonam and you responded that I am doing well, You stated Mr. Fooks is a half hour late, also that you talked with him this morning to confirming our meeting today, he confirmed. We came in separate vehicles from different locations, so I don't know when he will be here or if he will even show. I replied I would rather wait for him to be present you said I don't know if he is going to show up. Working with him, he has never been late or has not shown up. I asked can you call him? You replied I don't have a number to call him and he's driving. You insisted on proceeding with out him.

    You asked if I have received your response letter for your June 13th 2022 letter, I replied no, I have not. You then gave me the letter and asked me to read it. After I was done you asked me if there was anything that wasn't answered in the letter. I replied I not sure, due to my difficulty with my memory I brought the letter for reference, your response was so did I. Shortly afterwards Mr. Fooks came in the room saying he apologizes for being late. I replied no worries.

    You then said OK, we are going to hire Dr. Christine Johnson to do a forensic evaluation. I replied I Do Not Consent because there are no grounds for me to have an evaluation. You responded that we are hiring her for the purpose of better understanding you to help defend you. I replied I Do Not Consent because there are no grounds for an evaluation. Your response was that she can't hurt you only help and the only people that will know is us three and our legal team in our office. I replied I Do Not Consent because there are no grounds. You said There are two aspects the Act and the thought, the two avenues are that it didn't happen or it did happen but. You then said out 20 years of being an attorney you are one of the handful of clients that have done your legal analyst on your case I commemorate you and you're a very smart person. My position from the inception of my case is that this is my life win or lose my life has been drastically affected. Before I met you, Mr. Fooks and I have been in constant communication regarding this case. I have seven months of letters to prove it.

1

You continued with the help of Dr. Johnson it can only help because you'll be less guilty for having a head injury. I replied so you're implying that I'm guilty as charged. I like to remind both of you that I have a presumption of innocence until proven guilty. Irregardless of what both of you feel about natives. I asked what good points are there for having Dr. Johnson to evaluate me? Your response was that it can only help you not hurt you. There can be a resolution with the government I asked Mr. Fooks what resolution? When the mandatory is 18 years? He replied well with the help of Dr. Johnson, the judge could give you 12 years to 24 years. Mr. Loonam added they can take off 1/3 or add it. I replied I Do Not Consent because there are no grounds. You replied will you not help us help you? I replied I Do Not Consent to the evaluation because there are no grounds. You said well you can tell her that when you meet her.

I then stated that 18 USC § 1153 (b) states that under the Indian Major Crimes Act, federal law must both define and punish the enumerated crime in the MCA for the United States not to be able to charge a state law offense that falls with in that same enumerated crime. You said that's correct that's why your getting charged under the Assimilative Crimes Act. You then said why do you want a Deposition hearing? I replied to preserve the testimony of the witness for trial. Your reply was so she can say the same thing and have two statements against you?

Then you asked the same question again, you became unhinged yelling it's a yes or no answer. I really thought you was going to jump across the table and snatch me up. As you started to turn red, you kept reiterated it's a yes or no answer. I'm really concern about your temper, it is as if I don't agree with your assessment you become verbally abusive. Asking me the same questions over and over hoping I would be bullied into something that has no merits is unbecoming of your professional conduct. You want me to respond no that I will not be helpful to my case so you can have grounds for a competency evaluation, that is farther from the truth. Mr. Loonam, I find it amazing that you were just added to the case and you're already pushing for a competency evaluation. You then asked me are you going to answer the question? I replied I did. You replied if Dr. Johnson says something that will help you, why wouldn't you want to see the Dr. Johnson? I replied I Do Not Consent because there are no grounds. This continued for the several times you asked.

You then looked at Mr. Fooks and said I think we need to have a competency evaluation done and he agreed. I replied that's exactly what I suspected you wanted done, and you needed my consent which I will not give you. That's what I knew you were implying with the forensic exam,You replied yeah, you got us. You both got up, Mr. Fooks then knocked on the door.

2

I also said that if your both familiar with Doina Lexus 260? Mr. Loonam replied who is that and then yes I do know her. I replied that it deals with native laws you then pointed to the letter and said we will not be talking about that at all. This causes my trust for both of you to deteriorate and doubt your knowledge. I wonder are the both of you best for my representation. I then said based on my legal analysis of my letters to date, does it seem like I'm incompetent? You both said we don't understand your question. I replied have a good day guys you said the same to you.

I was steadfast with my answer. I know that in your previous letter you stated that your wanted to get a competency evaluation aka forensic evaluation. I understand that you were saying these questions repetitively to get me to say what you wanted. The two grounds for a competency evaluation are: 1) not being able to assist the lawyers in my case and 2) not understanding the charges against me. I go to every attorney meeting and zoom meeting. Mr. Fooks as well as Mr. Loonam said we do appreciate that you are highly invested in your case and that your attempting to do your own research. (Page 2 of letter on July 20th 2022) Mr. Fooks has given me paperwork on my case because of my understanding of my case and the charges that I am being charged with. Thus you have no grounds to request a competency evaluation. Further more it is a waste of tax payers funds to spend on competency evaluation that has no merit.

ε 4241. Determination of mental competency to stand trial or to undergo post release proceedings

(a) Motion to determine competency of defendant. At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(b)Psychiatric or psychological examination and report. Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c) [18 USCS ε 4247(b) and (c)].

(c)Hearing. The hearing shall be conducted pursuant to the provisions of section 4247(d)

(d)Determination and disposition. If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility

(1)for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2)for an additional reasonable period of time until

(A)his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B) the pending charges against him are disposed of according to law;

whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248 [18 USCS ㏄ 4246 and 4248].

(e)Discharge. When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d) [18 USCS ㏄ 4247(d)], to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial or other proceedings. Upon discharge, the defendant is subject to the provisions of chapters 207 and 227 [18 USCS ㏄ 3141 et seq. and 3551 et seq.].

(f) Admissibility of finding of competency. A finding by the court that the defendant is mentally competent to stand trial shall not prejudice the defendant in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence in a trial for the offense charged.

I'm asking both of you what is your reasonable cause to believe that I'm presently suffering from a mental disease or defect rendering me mentally incompetent to the extent that I'm unable to understand the nature and consequences of the proceedings against me or to assist properly in my defense.

I swear under penalty of perjury that these statements are true and correct.

Christopher J. Marquez
#74723509  7/27/2022

STATE OF NEW MEXICO
NOTARY PUBLIC
SANDRA SERRANO
Commission # 1130567
My Comm. Exp. Sept, 14, 2024

Sandra Serrano

5

CHRISTOPHER MARQUEZ #74723-509
CIBOLA CORRECTIONAL FACILITY
P.O. Box 3540
MILAN, NM 87021

JUDGE KEA RIGGS
333 LOMAS BLVD., NW
ALBUQUERQUE, NEW MEXICO
87102

7022 2410 0003 2628 6025



CERTIFIED MAIL

