IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )   CRIMINAL NO. 21-1510 KWR |
| | ) |
| vs. | ) |
| | ) |
| **CHRISTOPHER MARQUEZ,** | ) |
| | ) |
| Defendant. | ) |

### UNITED STATES' SENTENCING MEMORANDUM

The United States respectfully submits this memorandum and requests that the Court sentence Defendant to eighteen (18) years in prison as provided in the 11(c)(1)(C) plea agreement. The United States also respectfully requests three (3) years of supervised release, intensive anger management treatment, a fine of $1,000, $100 in special penalty assessments, and the mandatory order for restitution. In support, the United States avers:

I. **Procedural Background**

Defendant was charged in a federal indictment with abuse of a child against Jane Doe 1, in violation of N.M. STAT. ANN. 30-6-1(D); assault of a spouse or intimate partner by strangling or suffocation against Jane Doe 2, in violation of 18 U.S.C. §§ 1153, 113(a)(8) and 2266 (7)(B); and abusive sexual contact against Jane Doe 2, in violation of 18 U.S.C. §§ 1153, 2244(a)(2) and 2246(3). Doc. 2. The events underlying the indictment occurred in the summer of 2021 at Defendant's home in Ohkay Owingeh in the District of New Mexico.

As part of the negotiated plea agreement, Defendant is to be sentenced to 18 years in prison on Count 1. The United States agreed to dismiss the other counts contained in the

Indictment after sentencing is completed. In return, Defendant has agreed to waive certain rights – to include his right to trial and his right to appeal. The plea was accepted by the Court on July 5, 2024. Doc. 170.

## II. **Argument**

Defendant is facing just punishment for his extensive and brutal torture of an innocent five-year-old girl. PSR ¶¶ 11-19. Despite ultimately surviving and healing from her physical wounds, this child would continue to experience acute stress disorder, nightmares, and hypervigilance following her trauma. PSR ¶ 20. This is one of the few cases where Defendant's criminal conduct actually reached the clinical threshold for a diagnosis of torture. *Id*. No child deserves what happened to Jane Doe in this case. Every child deserves the protections that this plea contemplates – nearly two decades of incapacitation and punishment for egregious conduct against a vulnerable member of society.

After calculating Defendant's base offense level for this count, the applicable adjustments, and in consideration of the mandatory minimum for this offense, Defendant's guideline term of imprisonment is 216 months. PSR ¶ 94. This is the sentence the United States seeks in light of the binding agreement between the parties and in the interest of justice for a convicted child abuser and the harms he inflicted on Jane Doe. Defendant's conduct reflects a pattern of behavior that exhibits a clear disregard for the safety, well-being, and dignity of the child. The emotional, psychological, and physical toll of this abuse is immeasurable and intolerable. Defendant's punishment will reflect the goals of sentencing and ensure that Jane Doe can spend the rest of her childhood and young adulthood free from fear of continued abuse or torture.

**III.   18 Years in Prison is Appropriate for Child Torture Upon Application of 18 U.S.C. § 3553(a) Factors**

Courts should begin every sentencing with a Guidelines calculation as an "initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). However, the Guidelines are just that, a benchmark, and not binding on a sentencing court. *United States v. Booker*, 543 U.S. 220, 245 (2005). Moreover, a reviewing court may accord a properly calculated sentence to have a presumption of reasonableness for appellate purposes. *Rita v. United States*, 551 U.S. 338, 347 (2007). A district court, on the other hand, cannot presume reasonableness. *See Gall v. United States*, 552 U.S. 38, 50-51, 128 S.Ct. 586, (2007). In determining a sentence, the district court must conduct an analysis using both the Guidelines and the sentencing statutes. The sentencing factors in 18 U.S.C. § 3553(a) aim to "impose a sentence 'sufficient, but not greater than necessary' to comply with the purposes of sentencing." *United States v. Stepp*, 2023 WL 1966420, at *2 (D.N.M. Feb. 13, 2023) (unpublished) (quoting 18 U.S.C. § 3553(a)). Those purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of Defendant; and (D) to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

A court should consider in accomplishing these purposes: (1) the nature and circumstances of the offense and the history and characteristics of Defendant; (2) the need for a sentence to reflect the seriousness of the crime, deter future criminal conduct, prevent Defendant from committing more crimes, and provide rehabilitation; (3) the sentences legally available; (4)

3

the Sentencing Guidelines; (5) the Sentencing Commission's policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need for restitution. 18 U.S.C. § 3553(a).

Both the sentencing judge and the Sentencing Commission "are carrying out the same basic § 3553(a) objectives, the one, at retail, and the other at wholesale." *Rita*, 551 U.S. at 345. The Guidelines can be assumed to be a "rough approximation" of a sentence that would "achieve § 3553(a)'s objectives." *Id.* at 347-349. Hence, the district court should impose sentences within the calculated guidelines range when a departure is not appropriate because Guidelines sentences prevent unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) and because the Sentencing Commission policies articulated in the Guidelines are sound and reasoned as a matter of public policy.

A. *Nature and Circumstances of the Offense*

Defendant gratuitously inflicted pain, physical trauma, and psychological harm to a young child. PSR ¶¶ 20, 89-90. As a result, some of Jane Doe's earliest experiences are those of torment and fear. Jane Doe's mother herself lived in a climate of fear as a victim of serious physical abuse at the Defendant's hands and weapons he wielded to control her. PSR ¶ 41-44. Thankfully, Jane Doe's mother managed to escape in the middle of the night from Defendant's grasp and get help before he killed either of them. Despite healing physically from the arm fractures, bruising, organ lacerations, and hemorrhaging, Jane Doe continues to live with the horror of this crime. Eighteen (18) years, the penalty for this crime, is just punishment for a heinous crime.

B. *History and Characteristics of Defendant*

This case is not Defendant's first interaction with the criminal justice system. Despite not having a criminal history that are applicable under the guidelines, his tribal history reveals a disturbing pattern of disregard for others and for the law. With conduct ranging from driving

4

under the influence, to failure to appear in Court, to multiple domestic violence incidents, he has had multiple opportunities to reflect on the wrongfulness of his actions and reorient his moral compass. PSR ¶¶ 48, 49, 50, 52. Although this history is not reflected in his criminal history points, it does reflect on his poor character and historic issues with conforming his conduct to the law.

    C. *The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and to Protect the Public*

Physical abuse against children – and particularly against those 12 and younger – call for sentences that reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). Subsumed in each of those public policy goals is the most important consideration here: the sentence must act to protect the child in this case, and children generally as a class of vulnerable victim.

With that driving principle in mind and considering both the relevant conduct in this case and the various counts that will be dismissed as a result of this plea agreement, eighteen (18) years promotes respect for the law, provides just punishment, ensures specific deterrence on Defendant along with other would-be child abusers, and protects the public.

    D. *Treatment and Rehabilitation*

Importantly, eighteen (18) years of prison with a full term of supervised release will also protect the public from further crimes and give Defendant the opportunity to complete programming geared toward his criminal misconduct – which may ultimately have the effect of returning to his community as a better citizen. Following the necessary period of incarceration, these interventions may serve as a turning point for Defendant and permit him to live a life without violence towards children upon his release from supervision. Critically, it will provide a

mechanism for the Court to be assured that the successful steps that Defendant has taken towards therapy and counseling continue.

## IV. CONCLUSION

The United States respectfully requests that this Court sentence Defendant to eighteen (18) years in prison; three (3) years of supervised release; a fine equal to the total amount of his assets of $1,000 (or a period of community service in lieu of a fine); $100 in special penalty assessments; and an order for restitution. This sentence is "sufficient, but not greater than necessary to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a).

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Filed Electronically September 26, 2024*
MARK A. PROBASCO
MATTHEW J. McGINLEY
Assistant United States Attorneys
201 Third Street NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I filed the foregoing document electronically through the CM/ECF system. Pursuant to the CM/ECF Administrative Procedures Manual, §§ 1(a), 7(b)(2), such filing is the equivalent of service on parties of record.

         /s/
MARK A. PROBASCO
Assistant U.S. Attorney